## A98A1376. REHBERGER v. THE STATE.
### (502 SE2d 518)

McMurray, Presiding Judge.

Defendant Robert L. Rehberger was tried before a jury and found guilty of false imprisonment (Count 1), sexual battery (Count 3), and simple battery (Count 4), for acts directed against Bronwyn Cherry without her consent. An order of nolle prosequi was entered on a charge of aggravated assault (Count 2). For felony false imprisonment and for sexual battery, a misdemeanor involving moral turpitude, defendant was disbarred from the practice of law in the State of Georgia. On June 19, 1997, the trial judge denied defendant's motion for supersedeas bond pending motion for new trial and appeal. On November 20, 1997, defendant moved for bond pending appeal. The trial court's response was to enter the following order, filed on December 10, 1997, and captioned "ORDER DENYING HEARING ON SECOND MOTION FOR SUPERSEDEAS BOND." This order recites in its entirety: "The Defendant in the above-styled case having filed a second Motion for Supersedeas Bond Pending Appeal, and the Court having previously denied Defendant's first Motion for Supersedeas Bond Pending Appeal[,] it is hereby ordered that Defendant's request for a hearing on his second Motion for Supersedeas Bond Pending Appeal be denied." Defendant filed a notice of appeal on January 8, 1998. From the December 10, 1997 order denying a hearing on defendant's second motion for appeal bond, defendant brings this direct appeal, enumerating as error the ostensible denial of his renewed motion for bond pending appeal. *Held*:

We are without jurisdiction to consider the merits of this appeal as enumerated and briefed by defendant. The December 10, 1997 order denying defendant a hearing on his second motion makes no disposition on the merits thereof. Consequently, there is no final ruling on the merits of the second motion. The interlocutory ruling that this second motion will not be accorded a hearing is not a final order within the meaning of OCGA § 5-6-34 (a), and so there is no right to a direct appeal therefrom. The January 8, 1998 notice of appeal was filed more than 30 days after the June 19, 1997 order denying defendant's first motion for supersedeas bond pending motion for new trial and appeal and so is ineffective to confer appellate jurisdiction to consider the correctness of that ruling. OCGA § 5-6-38 (a). The appeal in Case No. A98A1376 must be dismissed.

*Appeal dismissed. Blackburn and Eldridge, JJ., concur.*

DECIDED MAY 20, 1998.

*Joseph M. Todd*, for appellant.
Robert L. Rehberger, *pro se*.
*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney*, for appellee.